UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOURDES DEL RIO, *et al.*, | CASE NO. C17-0690-JCC |
| Plaintiffs, | ORDER |
| v. | |
| IPECO HOLDINGS, LTD., *et al.*, | |
| Defendants. | |

1.      PURPOSES AND LIMITATIONS

This product liability case arises from an October 3, 2014 in-flight incident aboard a Boeing Model 777 aircraft operated by American Airlines. The incident allegedly involved a sudden descent that allegedly caused the physical and emotional injuries detailed in the Complaint. Plaintiffs allege that the incident was caused by alleged defects in the first officer's flight deck seat fore/aft power switch. Accordingly, discovery in this action is likely to involve production of confidential, proprietary, export controlled, and private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to

1   confidential treatment under the applicable legal principles, and it does not presumptively entitle

2   parties to file confidential information under seal.

3   2.      "CONFIDENTIAL" MATERIAL

4           "Confidential and/or Export Controlled" material shall include the following documents

5   and tangible things produced or otherwise exchanged:

6               (a)  Plaintiffs' medical records;

7               (b)  Plaintiffs' employment records;

8               (c)  Plaintiffs' financial information related to alleged past and future wage loss;

9               (d)  Defendants' documents related to the design, manufacture, testing and certification

10                   of the Model 777 aircraft flight deck, including the flight deck seats.

11  3.      SCOPE

12          The protections conferred by this agreement cover Confidential material (as defined in

13  Section 2, above), and Export Controlled material (as defined in Section 5, below), as well as (1)

14  any information copied or extracted from Confidential or Export Controlled material; (2) all

15  copies, excerpts, summaries, or compilations of Confidential or Export Controlled material; and

16  (3) any testimony, conversations, or presentations by parties or their counsel that might reveal

17  Confidential or Export Controlled material.

18          Further, these protections apply to Confidential and Export Controlled material produced

19  in connection with this litigation by any person or entity regardless of whether the person or entity

20  producing or receiving the Confidential or Export Controlled material is a party to this litigation.

21          However, the protections conferred by this agreement do not cover information that is in

22  the public domain or becomes part of the public domain through trial or otherwise.

23  4.      ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

24          4.1     Basic Principles. A receiving party may use Confidential material that is disclosed

25  or produced by another party or by a non-party in connection with this case only for prosecuting,

26  defending, or attempting to settle this litigation. Confidential material may be disclosed only to the

categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of Confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential material to third parties and to immediately return all originals and copies of any Confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)     the author or recipient of a document containing the information or custodian or other person who otherwise possessed or knew the information.

4.3     Filing Confidential Material. Before filing Confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

5.     ACCESS TO AND USE OF EXPORT CONTROLLED INFORMATION

Many of the Defendants' documents will contain "Export Controlled Information." "Export Controlled Information" is information that is subject to the requirements of the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730, *et seq.* Such information may be contained in documents that Defendants furnish in this case related to dual use commodities, technology, or software. Many of the Defendants' documents produced in this case may be controlled by Category 9, "Aerospace and Propulsion" of the Commerce Control List. A protective order is warranted, and there is good cause for special treatment of this information because federal law subjects such information to specific rules related to designation, use, access, and disclosure, and imposes civil and criminal penalties for violations.

5.1     Handling of Export Controlled Information Prior to Trial

The parties have a responsibility to ensure that Export Controlled Information in their possession, custody or control is used in accordance with the EAR, 15 C.F.R. §§ 730, *et seq*. To prevent unauthorized use of Export Controlled Information, the parties agree to follow the procedure outlined in this subsection.

(a)     Export Controlled Information disclosed in this action will be used only for the purposes of this action.

(b)     Counsel or other individuals authorized to receive Export Controlled Information will not disclose, export, or transfer, in any manner, Export Controlled Information to any foreign person except as permitted by U.S. law, and will not transport any such document outside of U.S. territory, without prior written approval of the Bureau of Industry and Security, the United States Department of State, or other appropriate U.S. government department or agency except as permitted by U.S. law.

(c)     Notwithstanding the above, the parties may from time-to-time provide Export Controlled Information to citizens of the United Kingdom located in the United States or in the United Kingdom. The Export Controlled Information subject to discovery in this case is classified as Export Control Classification Number ("ECCN") 9E991.  The EAR does not impose an export licensing requirement for exports to the United Kingdom or citizens of the United Kingdom of Export Controlled Information classified as ECCN 9E991.  As required, the Defendants agree to specifically identify Export Controlled Information that carries a more restrictive classification than ECCN 9E991 which could require an authorization from the U.S. Department of Commerce prior to any export to the United Kingdom. Before disclosing any Export Controlled Information to any person, counsel shall require such third person to execute a non-disclosure agreement in the form attached hereto.

(d)     The parties will comply with the requirements of LCR 5 regarding sealing and redacting of court records prior to making any court filing using a document that contains Export Controlled Information.

5.2     Access to Export Controlled Information

The parties and the Court have a responsibility to ensure that access to Export Controlled Information in their possession, custody or control is restricted to authorized persons in accordance with the EAR, 15 C.F.R. §§ 730, *et seq.* To prevent unauthorized access of Export Controlled Information, the parties agree to follow the procedure outlined in this subsection.

(a)     All documents containing Export Controlled Information shall be placed in a secure file or room with access limited to those persons identified in sections 4 and 5 of this Protective Order who are U.S. Persons or otherwise permitted access to such information under U.S. law.

(b)     If documents containing Export Controlled Information are scanned and stored in a computer, access to such electronic files shall be limited to those persons identified in subsection 5.1 of this Protective Order who are U.S. Persons or otherwise permitted access to such information under U.S. law.

(c)     In the event that counsel or another individual authorized to receive Export Controlled Information anticipates that Export Controlled Information will be disclosed to the Court, including at any hearing or at trial, the parties agree to confer and, if necessary, to discuss with the Court the proper safeguards to avoid an export violation.

5.3.    Certification

To prevent public disclosure of Export Controlled Information, the parties agree to follow the procedures outlined in this section before any document is "exported," as that term is described in 15 C.F.R. § 730.5(c), or otherwise made public. All Export Controlled Information will be furnished by U.S. Persons as defined by U.S. export control laws and regulations (hereafter "U.S. Persons") directly to counsel.

Counsel hereby certifies that they and their personnel who receive Export Controlled Information are and will be U.S. Persons or persons otherwise permitted access to such information under U.S. law, that they will store all Export Controlled Information in a manner such that access is restricted only to U.S. Persons and persons otherwise permitted access to such information under U.S. law, and that any transport of Export Controlled Information outside U.S. territory will be made only in strict compliance with U.S. law. Before furnishing any Export Controlled Information, to a non-U.S. Person, including by publicly filing the document with the Court,

counsel shall determine whether the document bears a label indicating that such document contains Export Controlled Information.

Counsel may seek assistance from counsel for Defendants regarding Export Control designations, in which case counsel for Defendants shall provide the requested determination within ten (10) business days, or as soon as reasonably possible under the circumstances. If a particular document is determined to contain Export Controlled Information, counsel for the parties shall take all steps necessary to ensure that the document or information is used and accessed in accordance with the EAR, 15 C.F.R. §§ 730, *et seq.*, and disclosed only to U.S. Persons or as otherwise permitted under U.S. law.

6.      DESIGNATING PROTECTED MATERIAL

6.1      Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions. Documents are to be marked Confidential and/or Export Controlled only where the designating party has a good faith basis for any such designation.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

6.2    Manner and Timing of Designations. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of subsection 6.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)    Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL," "EXPORT CONTROLLED INFORMATION," or "CONFIDENTIAL & EXPORT CONTROLLED INFORMATION" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)    Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Confidential or Export Controlled.  If a party or non-party desires to protect Confidential or Export Controlled Information at trial, the issue should be addressed during the pre-trial conference.

(c)    Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL," "EXPORT CONTROLLED INFORMATION," or "CONFIDENTIAL & EXPORT CONTROLLED INFORMATION." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

If the receiving party or other persons or entities to whom disclosure is authorized pursuant to subsection 5.1(b) make a copy of any data storage device designated by the producing party as containing Confidential or Export Controlled Information, the receiving party or other authorized person shall mark each such copy as containing Confidential or Export Controlled Information in the same form as the notice on the original data storage device produced. If the receiving party or other authorized person prints out or otherwise makes copies of the documents or information stored on such data storage device, the receiving party or other authorized person shall mark each page so copied with the label or stamp specified in subsection 6.2(a).

6.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate information or items as Confidential or Export Controlled does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

7.     CHALLENGING CONFIDENTIALITY OF EXPORT CONTROLLED DESIGNATIONS

7.1     Timing of Challenges. Any party or non-party may challenge a Confidential or Export Controlled designation at any time. Unless a prompt challenge to a designating party's designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a Confidential or Export Controlled designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding Confidential or Export Controlled designations without court involvement. Any motion regarding Confidential or Export Controlled designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute

without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

7.3 <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as Confidential or Export Controlled until the Court rules on the challenge.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" and/or "EXPORT CONTROLLED INFORMATION" that party must:

(a) immediately notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential or Export Controlled Information may be affected.

9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the

person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

11.    NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all Confidential and Export Controlled Information to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction. If the person or party in possession of Confidential or Export Controlled Information elects to destroy it rather than return it, that person or party must notify the designating party in writing of the destruction of the Confidential or Export Controlled Information within 90 days of the conclusion of litigation.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential and Export Controlled Information.

The confidentiality and export control obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

1                     IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    DATED:          June 7, 2018            /s/ Brett Bustamante
                                          /s/ Hunter Shkolnik

4                                              Attorneys for Plaintiffs

5

6    DATED:          May 1, 2018             /s/ Todd Rosencrans
                                          /s/ Rachel Constantino-Wallace

7                                            Attorneys for Defendant
                                          The Boeing Company

8

9

10   DATED:          May 1, 2018             /s/ Richard Walker
                                          /s/ Marnie Holz

11                                           Attorneys for Defendant
                                          Ipeco Holdings Ltd.

12       //

13       //

14       //

15       //

16       //

17       //

18       //

19       //

20       //

21       //

22       //

23       //

24       //

25       //

26       //

1    PURSUANT TO STIPULATION, IT IS SO ORDERED

2        IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

3    documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding

4    in any other court, constitute a waiver by the producing party of any privilege applicable to those

5    documents, including the attorney-client privilege, attorney work-product protection, or any other

6    privilege or protection recognized by law.

7        DATED this 11th day of June 2018.

8

9

10

11                                                                    John C. Coughenour
                                                                      UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on [date] in the

case of *Del Rio, et al. v. Ipeco Holdings, Ltd.*, *et al.* No. 17-cv-00690-JCC. I agree to comply with

and to be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the nature

of contempt. I solemnly promise that I will not disclose in any manner any information or item

that is subject to this Stipulated Protective Order to any person or entity except in strict compliance

with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

ORDER
C17-0690-JCC
PAGE - 14